**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HICHAM ALDARWICH, | No. 13-55455 |
| Plaintiff - Appellant, | D.C. No. 8:12-cv-01463-CJC-RNB |
| v. | |
| MARK HAZUDA, Director of the Citizenship and Immigration Services, Nebraska Service Center, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted February 9, 2015[**]
Pasadena, California

Before: KOZINSKI, CHRISTEN, and HURWITZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1.** Hicham Aldarwich appeals the district court's dismissal of this action for want of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and affirm the dismissal of the complaint.

**2.** To the extent that Aldarwich's complaint sought to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate his application for adjustment of status and to declare that he was not inadmissible, that claim became moot when the USCIS denied the application during the district court proceedings. *See Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir. 2013). Both the district court and this court lack jurisdiction to review the discretionary denial of the adjustment of status application. *See* 8 U.S.C. §§ 1159(b), 1252(a)(2)(B)(ii); *Kucana v. Holder*, 558 U.S. 233, 248-49 (2010); *Mamigonian*, 710 F.3d at 943.

**3.** Aldarwich argues that a live controversy exists because he also sought review of the USCIS's underlying non-discretionary determination that he was inadmissible pursuant to 8 U.S.C. § 1182(a)(3)(B). *Mamigonian* clarified that 8 U.S.C. § 1252(a)(2)(D) does not strip the district courts of jurisdiction to review non-discretionary inadmissibility findings outside the context of a petition for review. 710 F.3d at 946. But the district court still lacked jurisdiction because the USCIS had not yet made a determination regarding Aldarwich's application when the complaint was filed. *See id.* at 942. Jurisdiction is contingent upon a "'*final agency action*,'" *id.* at

941 (quoting 5 U.S.C. § 704 (2012)), and "'[s]ubject matter jurisdiction must exist as of the time the action is commenced,'" *id.* at 942 (quoting *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988)). "'If jurisdiction is lacking at the outset,'" as here, "'the district court has no power to do anything with the case except dismiss.'" *Id.* (quoting *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004)).

**4.** As in *Mamigonian*, here the "dismissal was, by default, without prejudice." *Id.* at 946. Given the final agency action, Aldarwich is not barred from now asserting that the USCIS improperly denied his adjustment-of-status application on nondiscretionary grounds. *Id.*

**AFFIRMED.**